FILED

2016 Nov-14  PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| Grady ROLLINS | ) |
| Carolyn ROLLINS | ) **Plaintiffs Demand Trial |
| | )　　　　　　　by Struck Jury** |
| Plaintiffs | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| MR. HEATER INC. | ) |
| ENERCO CORPORATION | ) |
| ENERCO GROUP INC. | ) |
| ENERCO TECHNICAL PRODUCTS INC. | ) |
| | ) |

No.1, whether singular or plural, the person(s) or entity(ies) who/which have done business as Mr. Heater and/or sold/distributed products under that brand

No.2, whether singular or plural, the person(s) or entity(ies) who/which designed the heater

No.3, whether singular or plural, the person(s) or entity(ies) who/which manufactured the heater

No.4, whether singular or plural, the person(s) or entity(ies) who/which assembled the heater

No.5, whether singular or plural, the person(s) or entity(ies) who/which provided instructions for use of the heater and/or issued adequate warnings of the dangers associated with using the heater

No.6, whether singular or plural, the person(s) or entity(ies) who/which imported the heater

No.7, whether singular or plural, the person(s) or entity(ies) who/which undertook to test, inspect, or certify the heater

No.8, whether singular or plural, the person(s) or entity(ies) who/which had any role in the distributive chain of the heater

No.9, whether singular or plural, the person(s) or entity(ies) who/which is/are the successor in interest of any of the entities described above

No.10, whether singular or plural, the person(s) or entity(ies) who/which is/are the predecessor in interest of any of the entities described above

| | |
|---|---|
| | ) |
| Defendants | ) |

<u>DIVERSITY JURISDICTION COMPLAINT</u>

Come now the Plaintiffs, Grady and Carolyn Rollins, who allege the following facts, assert the following causes of action, and claim the following damages from Defendants Mr. Heater Inc., Enerco Corporation, Enerco Group Inc., Enerco Technical Products Inc., and Fictitious Party Defendants No.1 thru No. 10.

<u>Parties, Jurisdiction and Venue</u>

1. Plaintiffs Grady and Carolyn Rollins are both over the age of 19, and they are resident citizens of Cleburne County, Alabama. They have mental capacity to handle their affairs and pursue the claims asserted herein.

2. Defendant Mr. Heater Inc. ("Mr. Heater") is a foreign corporation that does substantial business in the State of Alabama, within Cleburne County, and within the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It has purposefully directed its activities towards, and derived substantial profits from, the State of Alabama, Cleburne County, and the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It was organized in the State of Ohio, and it has its principal place of business in the State of Ohio. Its registered agent for service is Jessicaa Siejka, who can be served at 4560 West 160th Street in Cleveland, Ohio 44135.

3. Defendant Enerco Corporation is a foreign corporation that does substantial

business in the State of Alabama, within Cleburne County, and within the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It has purposefully directed its activities towards, and derived substantial profits from, the State of Alabama, Cleburne County, and the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It was organized in the State of Michigan, and it has its principal place of business in the State of Michigan. Its registered agent for service is Thomas Peterson, who can be served at 1615 Road 6 in Delta, Ohio 43515.

4. Defendant Enerco Group Inc. is a foreign corporation that does substantial business in the State of Alabama, within Cleburne County, and within the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It has purposefully directed its activities towards, and derived substantial profits from, the State of Alabama, Cleburne County, and the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It was organized in the State of Ohio, and it has its principal place of business in the State of Ohio. Its registered agent for service is Jessicaa Siejka, who can be served at 4560 West 160th Street in Cleveland, Ohio 44135.

5. Defendant Enerco Technical Products Inc. is a foreign corporation that does substantial business in the State of Alabama, within Cleburne County, and within the Eastern Division of the territorial jurisdiction of the U.S. District Court for the

Northern District of Alabama. It has purposefully directed its activities towards, and derived substantial profits from, the State of Alabama, Cleburne County, and the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama. It was organized in the State of Ohio, and it has its principal place of business in the State of Ohio. Its registered agent for service is John Duross, who can be served at 4560 West 160th Street in Cleveland, Ohio 44135.

6. Defendants Enerco Corporation, Enerco Group Inc., and Enerco Technical Products Inc. are hereinafter referred to as "Enerco."

7. Fictitious Party Defendant(s) No.1, whether singular or plural, is/are the person(s) or entity(ies) who/which have done business as Mr. Heater and/or sold/distributed products under that brand.

8. Fictitious Party Defendant(s) No.2, whether singular or plural, is/are the person(s) or entity(ies) who/which designed the heater.

9. Fictitious Party Defendant(s) No.3, whether singular or plural, is/are the person(s) or entity(ies) who/which manufactured the heater.

10. Fictitious Party Defendant(s) No.4, whether singular or plural, is/are the person(s) or entity(ies) who/which assembled the heater.

11. Fictitious Party Defendant(s) No.5, whether singular or plural, is/are the person(s) or entity(ies) who/which provided instructions for use of the heater and/or issued adequate warnings of the dangers associated with using the heater.

12. Fictitious Party Defendant(s) No.6, whether singular or plural, is/are the person(s) or entity(ies) who/which imported the heater.

13. Fictitious Party Defendant(s) No.7, whether singular or plural, is/are the person(s) or entity(ies) who/which undertook to test, inspect, or certify the heater.

14. Fictitious Party Defendant(s) No.8, whether singular or plural, is/are the person(s) or entity(ies) who/which had any role in the distributive chain of the heater.

15. Fictitious Party Defendant(s) No.9, whether singular or plural, is/are the person(s) or entity(ies) who/which is/are the successor in interest of any of the entities described above.

16. Fictitious Party Defendant(s) No.10, whether singular or plural, is/are the person(s) or entity(ies) who/which is/are the predecessor in interest of any of the entities described above.

17. The identities of Fictitious Party Defendants Nos. 1 thru 10 are unknown. However, their true names will be substituted by amendment when they are ascertained.

18. Mr. Heater, Enerco, and Fictitious Party Defendants Nos. 1 thru 10 are hereafter collectively referred to as "Defendants."

19. Upon information and belief, the heater at issue in this case is a model number MH15T Mr. Heater Gas Fired Infra-Red Portable Heater.

20. The heater was purchased by Grady at the Bass Pro Shop in Leeds,

Alabama within the last eight years.

21. The heater was designed, tested, manufactured, assembled, inspected, imported, distributed, and/or sold by one or more of the Defendants. One or more of the Defendants also provided instructions for use of the heater and/or issued adequate warnings to persons of the dangers associated with the heater.

22. The Defendants designed, tested, manufactured, assembled, inspected, imported, distributed, and/or sold the heater that injured Grady with the intention, expectation, and purpose that it would be distributed through the chain of commerce and that it would be ultimately sold and used in the State of Alabama, Cleburne County, and the Eastern Division of the territorial jurisdiction of the U.S. District Court for the Northern District of Alabama.

23. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391(b)(1),(c)(2),(d) because one or more of the Defendants reside in this division and district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this division and district.

24. Grady and Carolyn separately and severally seek to recover an amount in excess of $75,000.00, exclusive of interest and costs.

<u>SUBSTANTIVE FACTS</u>

25. On or about January 11, 2016, Grady was working in his shop located in

a freestanding building near his home at 480 Perryman Bridge Road, Heflin, Alabama 36264, which is in Cleburne County.

26. Because it was cold outside, Grady was wearing blue jeans and insulated coveralls, and he was heating his shop with the Mr. Heater brand propane heater described above.

27. While working in his shop, Grady inadvertently came in close proximity to, and/or in contact with, the external guard on the front of the heater.

28. Grady's clothing caught fire and he suffered extensive burns on both legs from his ankles to his groin.

29. Grady was taken by ambulance to the UAB Burn Center, where he remained in care of the facility for approximately thirty-one days and during that time underwent numerous debridement and grafting procedures.

30. Grady has (1) suffered severe and permanent burn injuries and scarring, and he will suffer those injuries and scarring for the rest of his life, (2) suffered physical pain, mental suffering, and mental anguish, and he will suffer these maladies for the rest of his life, and (3) incurred hospital, nursing, rehabilitation, and other medical expenses, and he will incur these expenses for the rest of his life. Carolyn has the lost the consortium, services, society, protection, care, assistance, companionship, comfort, guidance, and advice of her husband Grady, and she will lose these benefits from her spouse for the rest of her life.

CAUSES OF ACTION

Count 1: AEMLD Claims

31. Grady and Carolyn adopt the paragraphs set forth above as if fully set out herein.

32. This count is brought against the Defendants pursuant to the Alabama common law, and specifically the Alabama Extended Manufacturers' Liability Doctrine.

33. At the aforesaid time and place, and for sometime prior thereto, the Defendants were engaged in the business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing, and/or selling heaters throughout the United States, including the State of Alabama, for use by the general public for profit. The Defendants designed, manufactured, assembled, tested, inspected, marketed, imported, distributed, and/or sold the subject heater.

34. At the time Grady was burned, there was no unforeseeable substantial change to the heater from the time it left the possession of the Defendants until it reached Grady, the ultimate user or consumer. To the contrary, the heater was in substantially the same condition when Grady used it as when the heater left the possession of the Defendants.

35. The heater was not reasonably safe when used in a foreseeable manner. To the contrary, it was in a defective and unreasonably dangerous condition to the human

body when being so used.

36. Specifically, the heater's defects include that it was not properly guarded to prevent clothing and/or other flammable materials from igniting by incidental contact with, and/or by being in close proximity to, the front of the heater. Specifically, the heater was designed and manufactured with a guard that essentially served no useful purpose. The heater is designed so poorly that the temperature at the external guard is so high that clothing may be ignited either when it gets within close proximity to the guard and/or when clothing contacts it for as little as one second.

37. Moreover, the flame is recessed from the guard and there is nothing to indicate the temperature of the external surface or guard.

38. Grady used the heater in a way that was foreseeable to Defendants. The manner in which Grady was injured was also foreseeable to Defendants.

39. The warnings and instructions accompanying the heater also rendered the heater defective and unreasonably dangerous. Specifically, they were inadequate to warn the user of the dangers of ignition from near or incidental contact, they were inadequate to instruct the user how to use the heater without sustaining injury or damage, and they were inadequate to warn and instruct the user on all foreseeable uses of the heater such as the use in which Grady used the heater.

40. At the time that the heater was designed and manufactured, there were safer alternative designs that would have alleviated the defects stated above and would

have prevented the risk of injury without substantially impairing the heater's utility. Most prominently, the larger and more prominent guard at the rear of the heater that was designed to protect the user from inadvertent burns could have been duplicated and used in the front of the heater as well. This and other safer alternative designs were economically and technologically feasible at the time the heater left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge and/or plain common sense.

41. The defective and unreasonable dangerous condition of the heater was the direct and proximate cause of the injuries and damages of Grady and Carolyn as set forth in paragraph 30 above. These injuries and damages would have been prevented if the heater had not been defective and unreasonably dangerous.

WHEREFORE, PREMISES CONSIDERED, Grady and Carolyn respectfully requests this Honorable Court to enter judgment in their favor and against the Defendants. Grady and Carolyn request an award of compensatory damages in an amount determined by a jury, together with interest, costs, and all other relief which may be just and proper.

Count 2: Negligence Claims

42. Grady and Carolyn adopt the paragraphs set forth above as if fully set out herein.

43. This count is brought against the Defendants pursuant to the Alabama

common law tort of negligence.

44.   The   Defendants   and/or   their   employees   negligently   designed, manufactured, tested, inspected, assembled, imported, marketed, distributed, and sold the heater for the reasons stated in paragraphs 36 thru 40 above. The Defendants knew, or in the exercise of reasonable care should have known, that the heater was defective and unreasonably dangerous. The Defendants also negligently failed to adequately warn users of the defects stated above and also negligently failed to adequately instruct users the dangers of close or incidental contact as stated above. The Defendants also acted negligently in other ways.

45. All of the foregoing negligent conduct of the Defendants was the direct and proximate cause of the injuries and damages of Grady and Carolyn as set forth in paragraph 30 above. These injuries and damages could have been prevented if the Defendants had acted with reasonable care.

46. The Defendants are vicariously liable for the torts committed by their employees in the course and scope of their employment under the doctrine of respondeat superior.

WHEREFORE, PREMISES CONSIDERED, Grady and Carolyn respectfully requests this Honorable Court to enter judgment in their favor and against the Defendants. Grady and Carolyn request an award of compensatory damages in an amount determined by a jury, together with interest, costs, and all other relief which

may be just and proper.

Count 3: Wantonness Claims

47. Grady and Carolyn adopt the paragraphs set forth above as if fully set out herein.

48. This count is brought against the Defendants pursuant to the Alabama common law tort of wantonness.

49. The Defendants and/or their employees wantonly designed, manufactured, tested, inspected, assembled, imported, marketed, distributed, and sold the heater for the reasons stated in paragraphs 36 thru 40 above. The Defendants also wantonly failed to adequately warn users of the defects stated above and also negligently failed to adequately instruct users the dangers of close or incidental contact as stated above. The Defendants also acted wantonly in other ways.

50. By consciously doing (and not doing) the acts set-forth above, the Defendants and/or their employees knew that from doing the acts (or not doing the acts) that injury will likely or probably result to a user. Their conduct was intentional, wanton, reckless, malicious and oppressive.

51. All of the foregoing negligent conduct of the Defendants was the direct and proximate cause of the injuries and damages of Grady and Carolyn as set forth in paragraph 30 above. These injuries and damages could have been prevented if the Defendants had acted with reasonable care.

52. The Defendants are vicariously liable for the torts committed by their employees in the course and scope of their employment under the doctrine of respondeat superior.

WHEREFORE, PREMISES CONSIDERED, Grady and Carolyn respectfully requests this Honorable Court to enter judgment in their favor and against the Defendants. Grady and Carolyn request an award of compensatory and punitive damages in an amount determined by a jury, together with interest, costs, and all other relief which may be just and proper.

## Count 4: Breach of Implied Warranty Claims

53. Grady and Carolyn adopt the paragraphs set forth above as if fully set out herein.

54. This count is brought against pursuant to Ala. Code § 7-2-314.

55. The Defendants impliedly warranted that the heater was reasonably fit and suitable for the purposes for which it was intended to be used, was free of defects, and was of merchantable quality. The Defendants breached said warranties because of the reasons set-forth in paragraphs 36 thru 40 above and because the heater was not reasonably fit or suitable for the purposes for which it was intended to be used.

56. The breach of warranty by the Defendants was the direct and proximate cause of the injuries and damages of Grady and Carolyn as set forth in paragraph 30 above. These injuries and damages could have been prevented if the Defendants had

not breached their warranty.

WHEREFORE, PREMISES CONSIDERED, Grady and Carolyn respectfully requests this Honorable Court to enter judgment in their favor and against the Defendants. Grady and Carolyn request an award of compensatory damages in an amount determined by a jury, together with interest, costs, and all other relief which may be just and proper.

<u>Count 5: Alter-Ego Claims</u>

57. Grady and Carolyn adopt the paragraphs set forth above as if fully set out herein.

58. One or more of the Defendants controls the operational and fiscal activities of one or more of the others and operated as the same business. These Defendants are alter-egos of one another, and each are liable for the others' tortuous acts, including liability for all judgments rendered pursuant to Counts 1, 2, 3, and 4 above.

WHEREFORE, PREMISES CONSIDERED, Grady and Carolyn request a judgment in their favor (1) that holds these Defendants liable to them for the judgments rendered against their alter-egos on Counts 1, 2, 3, and 4 above and (2) that holds these Defendants liable to them for the damage awards imposed on their alter-egos for the injuries and damages set-forth in Counts 1, 2, 3, and 4 above.

<u>Count 6: Successor Liability Claims</u>

59. Grady and Carolyn adopt the paragraphs set forth above as if fully set out

herein.

60. One or more of the Defendants is the legal successor of one or more of the other Defendants, and, as such, it/they have succeeded to the liabilities of the others' tortious acts, including the liability for all claims stated against those Defendants in Counts 1, 2, 3, and 4 above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs requests a judgment in their favor (1) that holds the Defendants liable to Grady and Carolyn for the judgments rendered against their predecessors and/or successors on Counts 1, 2, 3, and 4 above and (2) that holds them liable to Grady and Carolyn for the awards imposed on their predecessors for the injuries and damages set-forth above in Counts 1, 2, 3, and 4 above.

<u>**Plaintiffs Request a Trial by Struck Jury**</u>

Respectfully submitted by
the Attorneys for Grady and Carolyn Rollins

/s/ Michael Beard
Michael Beard (BEA-004)

/s/ Richard Riley
Richard Riley (RIL-014)

OF COUNSEL:
MARSH, RICKARD & BRYAN P.C.
800 Shades Creek Parkway, Ste. 600-D
Birmingham, Alabama 35209
Ph:    (205)879-1981
Fx:    (205)879-1986
Em:    mbeard@mrblaw.com
          rriley@mrblaw.com

## REQUEST FOR SERVICE

Whitney requests that the Clerk immediately issue a summons pursuant to A.R.C.P. 4(i)(2) and F.R.C.P. 4(e)(1) for the following Defendants to be served at the following address by certified mail at the following address:

MR. HEATER INC.
c/o Jessicaa Siejka, Its Registered Agent
4560 West 160th Street
Cleveland, Ohio 44135

ENERCO CORPORATION
c/o Thomas Peterson
1615 Road 6
Delta, Ohio 43515

ENERCO GROUP INC.
c/o Jessicaa Siejka
4560 West 160th Street
Cleveland, Ohio 44135

ENERCO TECHNICAL PRODUCTS INC.
c/o John Duross
4560 West 160th Street
Cleveland, Ohio 44135

/s/ Richard Riley
Richard Riley (RIL-014)